

2011 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-13-2011

# USA v. Daniel Hamm

Precedential or Non-Precedential: Non-Precedential

Docket No. 10-3868

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2011

Recommended Citation

"USA v. Daniel Hamm" (2011). *2011 Decisions.* Paper 1970.
http://digitalcommons.law.villanova.edu/thirdcircuit_2011/1970

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2011 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**DLD-062**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3868
_____

UNITED STATES OF AMERICA

v.

DANIEL J. HAMM,
                                                 Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 07-cr-00344-001)
District Judge:  Honorable John E. Jones, III
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 9, 2010

Before:  BARRY, FISHER and STAPLETON, Circuit Judges

(Opinion filed: January 13, 2011 )
_____

OPINION
_____

PER CURIAM

In November 2008, after Daniel J. Hamm pleaded guilty to federal drug and

firearms charges, the District Court sentenced him to 170 months in prison.  Hamm

appealed, and we affirmed the judgment of sentence in May 2010.

In September 2010, using the case number for his criminal case, Hamm filed a "motion for an order for production of documents" in the District Court. He asked the District Court to enter an order directing the Adams County Court to release documents from a forfeiture case in which he was involved. Hamm explained that the documents were relevant to his federal appeal. The District Court denied Hamm's motion in a short order, suggesting in a footnote that Hamm may wish to file an original action in Adams County.

Shortly thereafter, Hamm returned to the District Court with another "motion for an order for production of documents." He stated that his counsel in his federal criminal prosecution has refused to acknowledge or respond to his requests for copies of correspondence that he needs to complete his federal appeal. He asked the District Court to order counsel to produce all relevant correspondence. The District Court, noting that the criminal matter was closed, denied the motion.

Hamm filed a notice of appeal, stating that he "seeks to Appeal the order to produce those needed documents," and explaining again that he needs documentation to complete his appeal of the judgment in his federal criminal case. We consider his notice of appeal, which was timely filed whether this matter is a considered an appeal in a civil or criminal case, see Fed. R. App. Proc. 4(a)(1)(B) & 4(b)(1)(A)(i), as specifying both orders denying his motions.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Upon consideration of the merits of this matter, we conclude that no substantial issue is presented on appeal.

Accordingly, we will summarily affirm the District Court's orders. <u>See</u> L.A.R. 27.4; I.O.P. 10.6.

The District Court properly denied Hamm's motions. As the District Court noted, Hamm filed his motions in a closed criminal case. Although Hamm stated that he needed state court documents and correspondence from his attorney to "complete" his appeal, we have already affirmed his judgment of sentence. If by "appeal," he refers to a motion pursuant to 28 U.S.C. § 2255 that he may be contemplating filing, Hamm is advised that specific rules govern the procedures, including discovery, in § 2255 cases. <u>See</u> Rules Governing Section 2255 Cases in the United States District Courts Rule 6. Accordingly, at the least, he requested documents either too late (for his criminal appeal) or too early (for any § 2255 motion). The District Court did not err in denying the requested relief.